UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gamut Control LLC,<br>John McCormic, and<br>John C. Golfis, | Civil No. 09-CV-913 (JNE/SRN) |
| Plaintiffs, | REPORT & RECOMMENDATION |
| v. | |
| Susan Rydberg,<br>Giorgio Tuscani, and<br>David Schied, | |
| Defendants. | |

Gregory A. Abbott, Abbott Law Office, P.O. Box 24453, Minneapolis, Minnesota 55424, for Plaintiffs

John P. Brendel and Sylvia Ivey Zinn, Brendel and Zinn, Ltd., 8519 Eagle Point Blvd., Suite 110, Lake Elmo, Minnesota 55042, for Defendant Susan Rydberg

David Schied, 20075 Northville Place Dr., North #3120, Northville, Michigan 48167, Pro Se

SUSAN RICHARD NELSON, United States Magistrate Judge

This case has been referred to the undersigned for resolution of pretrial matters pursuant to 42 U.S.C. § 636 and Local Rule 72.1. Pursuant to this Court's Order of August 13, 2009 (Doc. No. 11), in which the Court noted jurisdictional allegations in the Complaint that might be insufficient to establish subject matter jurisdiction, the Court ordered Plaintiffs to establish the citizenship of Gamut Control, LLC, John McCormic and John C. Golfis by August 28, 2009. Shortly thereafter, the Court permitted a one-week extension requested by Plaintiffs in order to comply with the previous order. (Order of August 20, 2009, Doc. No. 13.) Thus, Plaintiffs were

to establish citizenship, and amend the Complaint accordingly, by September 4, 2009.

"Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists." Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs, 439 F.3d 832, 836 (8th Cir.2006). Where subject matter jurisdiction does not exist, a federal court may not decide legal or factual questions before dismissing or remanding a case. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir.2001).

In the Complaint, Plaintiffs assert that jurisdiction exists pursuant to 28 U.S.C. § 1332(a). With regard to Gamut Control, LLC, the Complaint alleges that it is a "Texas Limited Liability Corporation, with its headquarters and principal place of business in the city of Dallas, Texas." (Complaint ¶ 1.) For purposes of diversity jurisdiction, "an LLC's citizenship is that of its members." GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The Complaint alleges that Golfis "owns a minority stake in Gamut Control" (Complaint ¶ 4) and that McCormic is part owner and CEO of Gamut Control, LLC (Complaint ¶ 2.) While the Complaint alleges the Texas residency of Plaintiff John McCormic and Plaintiff John Golfis, it does not state their citizenship. "The distinction between residence and citizenship is well settled, and mere residence in a particular state is insufficient to determine citizenship." Marquette Business Credit, Inc. v. Int'l Wood, Inc., 08-CV-1383 (JNE/FLN), 2008 WL 6082867 at *1 (D. Minn. Nov. 6, 2008) (citing Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)). Moreover, it is unclear whether there are other members of Gamut Control, LLC, and if so, the Complaint does not allege the citizenship of any additional members of the

limited liability corporation.

As noted, the Court directed Plaintiffs to redress these deficiencies in their jurisdictional allegations or they would risk dismissal of this action for lack of subject matter jurisdiction. Plaintiff's counsel informed the Court that after having reviewed the jurisdictional defects in the original complaint, he could not sign an Amended Complaint as required to comply with the Court's Order. (Letter of Sept. 4, 2009 from G. Abbott to Hon. S. Richard Nelson.) Therefore, because Plaintiffs have failed to allege the citizenship of Gamut Control's members, Plaintiffs have not satisfied their burden to establish subject matter jurisdiction, and the Court recommends that this matter be dismissed. See Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

In addition, currently pending before the Court in this matter are several motions filed by Defendant Schied. In light of this Court's recommendation for dismissal of this lawsuit, the Court likewise recommends that Defendant's motions be denied as moot.

**THEREFORE, IT IS HEREBY RECOMMENDED THAT:**

1. For the reasons set forth herein, this action be **DISMISSED**; and

2. Defendant Schied's Motion to Dismiss and for Sanctions (Doc. No. 7) be **DENIED AS MOOT**;

3. Defendant Schied's Motion for Leave to File in Forma Pauperis, for a Temporary Restraining Order and Preliminary Injunction, and for Order of Federal Enforcement of California Minute Order of Victim Restitution (Doc. No. 8) be **DENIED AS MOOT**; and

4. Defendant Schied's Motion for Enhancement of Order and to Expedite Ruling (Doc. No. 14) be **DENIED AS MOOT**.

Dated: September 9, 2009

                                                     s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **September 24, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.